IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACQUELINE S. BAUDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-743-HE |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Jacqueline Bauder seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should affirm the SSA's decision.

I.  BACKGROUND

Ms. Bauder applied for insurance benefits and supplemental security income based on an alleged disability. Administrative Record at pp. 62-64, 254-57 (certified Aug. 10, 2007) ("Rec."). A hearing took place,[1] and an administrative law judge found that Ms. Bauder could return to her past relevant work.[2] The Appeals Council declined jurisdiction,[3] and the present action followed. Ms. Bauder alleges:

- legal error in the consideration of two treating physicians' opinions and

---

[1]   *See* Rec. at pp. 273-311.

[2]   Rec. at pp. 22-23.

[3]   Rec. at pp. 5-7.

- insufficient evidence to support the administrative law judge's assessment of residual functional capacity ("RFC").

II. STANDARD OF REVIEW

The Court's review entails only a determination of whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Emory v. Sullivan*, 936 F.2d 1092, 1093 (10th Cir. 1991). Evidence is substantial if it is greater than a scintilla. *See Sisco v. United States Department of Health & Human Services*, 10 F.3d 739, 741 (10th Cir. 1993). If the SSA's decision lacks substantial evidence or is based on an incorrect legal standard, reversal is necessary. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984). However, a court may not reweigh the evidence or substitute its judgment for that of the SSA. *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495, 1498 (10th Cir. 1992).

III. THE ADMINISTRATIVE LAW JUDGE DID NOT ERR IN HIS EVALUATION OF TWO TREATING PHYSICIANS' OPINIONS

Ms. Bauder contends that the administrative law judge had improperly evaluated the opinions of two treating physicians, Dr. Mark Rathgeber and Dr. R. Hynd. Ms. Bauder is incorrect.

A. Evaluation of a Treating Physician's Opinion

An administrative law judge must follow a specific process when he assesses a treating source's opinion. First, the judge must determine whether the opinion qualifies for controlling weight. *See Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004) (*per*

*curiam*). This evaluation entails a determination of whether the opinion is "'well- supported by medically acceptable clinical and laboratory diagnostic techniques.'" *Id.* (citation omitted). If not, the judge can decline to give controlling weight to the opinion. *See id.* At that point, the administrative law judge must conduct a weighing process based on multiple factors and "give good reasons" for the impact assigned to the opinion. *Id.* If the judge rejects the opinion completely, he must give "'specific, legitimate reasons.'" *Id.* (citation omitted). If the evaluation involves assessment of an examining physician's report, it "should be examined to see if it 'outweighs' the treating physician's report, not the other way around." *Reyes v. Bowen*, 845 F.2d 242, 245 (10th Cir. 1988).

  B. <u>Dr. Rathgeber's Opinion</u>

Ms. Bauder challenges the evaluation of Dr. Rathgeber's opinion, arguing that the administrative law judge had:

- improperly examined Dr. Rathgeber's opinion to see if it outweighed the opinion of Dr. Swink, an examining physician,

- given illegitimate reasons to reject Dr. Rathgeber's opinion,

- failed to consider various factors in connection with the opinion, and

- failed to recontact Dr. Rathgeber for clarification.

These allegations lack merit.

### The Administrative Law Judge Did Not Err in His Assessment of Dr. Rathgeber's Opinion

According to the Plaintiff, the administrative law judge had improperly considered Dr. Rathgeber's opinion to see if it outweighed the conclusions made by Dr. Swink, an examining doctor. In support, the Plaintiff points to a comparison by Judge Wolfe between the limitations in Dr. Rathgeber's mental medical source statement and in Dr. Swink's assessment:

> ALJ: In other words, what evidence do you have to support [the claims of disability]? That consultative exam with Dr. Swink revealed a GAF of 65 which is mild, borderline moderate, with only two limitations. She scored a perfect score on the mini mental status exam. Her own doctor's notes indicates the rheumatoid arthritis is, quote, better. What evidence do you specifically rely on?
>
> ATTY: Your Honor, the claimant's treating physician for psychological problems, Dr. Mark Rathgiver, at Northwest Center. We do have those records, as well as Exhibit 18F, mental medical source statement offered by the claimant's treating physician.
>
> ALJ: Now see I, you're going to have to convince me why that isn't also spurious with one, two, three, four, five, six, seven, eight, nine, ten marked limitations. And yet when Dr. Swink sees her she scores a perfect score on the mini mental status exam and she has a mild to moderate GAF. That is a virtual polar difference, black versus white. How do you, how do you explain that?

Rec. at pp. 275-76.

Ms. Bauder asserts that Judge Wolfe had assumed that Dr. Swink's opinion was more probative than Dr. Rathgeber's, relying on the administrative law judge's statement that the attorney would need to show "why the report by Dr. Rathgeber should outweigh the opinion

of Dr. Swink, the consultative examiner." Plaintiff's Opening Brief at p. 21 (Dec. 5, 2007) ("Plaintiff's Opening Brief"). This interpretation of the exchange is debatable. The attorney spoke, and the judge asked why "that" was not "spurious" in light of Dr. Swink's assessment. *See supra* p. 4. The judge could either have been referring to the attorney's argument or Dr. Rathgeber's assessment. *See supra* p. 4. One cannot tell from the colloquy in the hearing. In the decision itself, however, the judge did not suggest in any way that he was examining Dr. Rathgeber's opinion to see if it outweighed Dr. Swink's assessment. *See* Rec. at pp. 13-23. The Plaintiff's characterization is debatable based on the hearing, but unsupportable from the decision itself.

The Plaintiff also alleges that the administrative law judge had improperly assumed "that Dr. Rathgeber was 'simply repeating what he [was] being told by Ms. Bauder.'" Plaintiff's Opening Brief at p. 22. Ms. Bauder misstated the record. Judge Wolfe actually remarked:

> For example, Dr. Swink, who conducted comprehensive <u>objective</u> testing, found that Ms. Bauder produced ***an invalid profile on the MMPI-2 test, characteristic of persons who were malingering and/or markedly magnifying their psychopathology***. Thus, if Dr. Rathgeber is simply repeating what he is being told by Ms. Bauder, objective testing indicates that she is exaggerating her complaints!

Rec. at p. 21 (emphasis in original). Judge Wolfe did not assume the basis of Dr. Rathgeber's opinion. Instead, the judge said that if it had been based on subjective allegations, objective testing would have called Ms. Bauder's veracity into question.

### The Administrative Law Judge Had Considered the Proper Factors and Given Legitimate Reasons to Reject Dr. Rathgeber's Opinion

Ms. Bauder alleges that Judge Wolfe had failed to consider the required factors and given illegitimate reasons to reject Dr. Rathgeber's opinion. The Plaintiff is mistaken.

If an administrative law judge declines to give controlling weight to a treating physician's opinion, he must consider multiple factors. *See Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004) (*per curiam*) (citation omitted). These factors include:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the [administrative law judge's] attention which tend to support or contradict the opinion.

*Robinson v. Barnhart*, 366 F.3d at 1082 (citing 20 C.F.R. § 404.1527 & Social Security Ruling 96- 2p).

According to the Plaintiff, the judge relied on isolated comments regarding an improvement in health, ignoring:

- a hospitalization in April 2006 with a Global Assessment Functioning ("GAF") of 30,

- a medical source statement completed by Dr. Rathgeber, and

- the factors outlined in the social security regulations.

These allegations lack merit.

First, Judge Wolfe discussed the April 2006 hospitalization and Dr. Rathgeber's medical source statement. *See* Rec. at pp. 17, 19-20. This discussion was reasonable in light of the evidence.

The April 2006 evidence indicated a GAF of 30 on the "initial diagnostic impression," but the "final diagnosis" revealed a GAF of 60. *Id.* at pp. 196, 198.

The judge reasonably read Dr. Rathgeber's medical source statement as inconsistent with his treatment notes. For example, in his notes in April 2006, Dr. Rathgeber stated that Ms. Bauder was "doing very well at this point" and the physician remarked that he had never felt that she had schizophrenia. *Id.* at p. 227. Less than four months later, Dr. Rathgeber checked boxes on a mental medical source statement and indicated a diagnosis of "[b]ipolar [d]isorder NOS." *Id.* at p. 237. The doctor did not provide any explanation for a diagnosis that he had specifically disavowed less than four months earlier.[4]

Second, the administrative law judge considered multiple factors outlined by the regulations, such as the degree to which the opinion was supported by relevant evidence,[5] the

---

[4] *See Sherman v. Barnhart*, 192 Fed. Appx. 801, 803 (10th Cir. Aug. 23, 2006) (unpublished op.) (upholding rejection of a treating physician's opinion on mental limitations, expressed as boxes on a form, in light of prior notes reflecting improvement with medication, coherence, and a lack of cognitive defects or psychosis).

[5] The administrative law judge noted that Dr. Rathgeber's medical source statement had "appear[ed] as 'check-marks,'" without a narrative statement or other explanation. Rec. at p. 21 n.4; *see supra* p. 7; *infra* p. 15 n.15; *see also Peck v. Barnhart*, 214 Fed. Appx. 730, 738 (10th Cir. Dec. 26, 2006) (unpublished op.) (stating that the administrative law judge had a legitimate rationale to reject a treating physician's opinion, which consisted of boxes and circles marked on a form).

consistency between the opinion and the record as a whole,[6] and internal inconsistencies in Dr. Rathgeber's opinion.[7]

The Plaintiff asserts that Judge Wolfe had failed to consider some of the pertinent factors. *See supra* p. 6. Although the Plaintiff does not identify the omitted factors, she suggests that they involved Dr. Rathgeber's specialty and the length of treatment.[8] But the administrative law judge did not need to discuss all of the factors. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).[9]

---

[6] Judge Wolfe found that Dr. Rathgeber's opinion was not consistent with: (1) Dr. Swink's opinion grounded on objective testing, (2) Ms. Bauder's statements regarding her daily activities, and (3) her part-time work as a home health care aide through April 2006. Rec. at pp. 17, 20-21.

[7] Rec. at p. 21; *see supra* p. 7.

[8] The Plaintiff states only: "In addition, nothing in the [administrative law judge's] decision indicates that he considered the factors that the law requires him to consider, which include the physician's specialty and the length of treatment." Plaintiff's Opening Brief at p. 24.

[9] In *Oldham v. Astrue*, the court stated:

> That the [administrative law judge] did not explicitly discuss all the § 404.1527(d) factors for each of the medical opinions before him does not prevent this court from according his decision meaningful review. [The plaintiff] cites no law, and we have found none, requiring an [administrative law judge's] decision to apply expressly each of the six relevant factors in deciding what weight to give a medical opinion. For one thing, as the Commissioner has recognized, "[n]ot every factor for weighing opinion evidence will apply in every case." The [administrative law judge] provided good reasons in his decision for the weight he gave to the treating sources' opinions. Nothing more was required in this case.

*Oldham v. Astrue*, 509 F.3d at 1258 (citations omitted).

8

The Administrative Law Judge Had No Duty to Recontact Dr. Rathgeber

The Plaintiff also contends that the administrative law judge had improperly rejected Dr. Rathgeber's opinion without recontacting him for clarification. Ms. Bauder is incorrect.

If the evidence from the treating physician is inadequate for a disability assessment, the SSA must recontact the medical source "to determine whether . . . additional information . . . is readily available."[10] But here, the administrative law judge did not question the sufficiency of Dr. Rathgeber's medical records. In the absence of such a concern, Judge Wolfe had no duty to recontact Dr. Rathgeber. *See White v. Barnhart*, 287 F.3d 903, 908-909 (10th Cir. 2001).[11]

---

[10]   20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1); *see also* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) (stating a duty to recontact sources of evidence if the agency cannot reach a disability determination with the existing information).

[11]   In *White v. Barnhart*, the claimant alleged that the administrative law judge had failed to recontact the physician. *See White v. Barnhart*, 287 F.3d at 908. The federal appeals court rejected the claim and explained:

> For it is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the "evidence" the [administrative law judge] "receive[s] from [the claimant's] treating physician" that triggers the duty. The [administrative law judge] believed the information he received from [the treating doctor] was "adequate" for consideration; that is, it was not so incomplete that it could not be considered. However, the [administrative law judge] also believed that the conclusion [the treating doctor] reached was wrong; that is, it was insufficiently supported by the record as a whole.

*Id.* (citation omitted).

C.     Dr. Hynd's Opinion

Ms. Bauder also criticizes the administrative law judge's evaluation of Dr. Hynd's opinions. Dr. Hynd treated Ms. Bauder and stated that she was "headed for rather bad destruction" based on:

- tender MTPs;
- tender and swollen PIPs, MCPs, and wrists;
- joint space narrowing and erosions; and
- severe involvement of the joints on the left hand and both feet.

Rec. at p. 213. Ms. Bauder argues that the administrative law judge had:

- ignored the objective basis for Dr. Hynd's opinion,
- improperly examined Dr. Hynd's opinion to see whether it outweighed the opinion of Dr. Brennan, an examining physician,
- given illegitimate reasons to reject Dr. Hynd's opinion,
- failed to consider multiple factors in the assessment of the opinion, and
- failed to recontact Dr. Hynd for clarification.

The Court should reject these allegations.

First, the administrative law judge did not ignore the objective basis of Dr. Hynd's opinion. In the decision, Judge Wolfe stated: "[Dr. Hynd] said that x-rays showed joint space narrowing, erosions, particularly in the right wrist along the ulna with a number of metatarsal and metacarpal joints on the left hand and both feet were severely involved." Rec. at p. 18.

Second, the administrative law judge did not give precedence to the opinion of Dr. Brennan based on his status as the consulting physician. Indeed, the judge never said that he was discounting Dr. Hynd's opinion based on an inconsistency with Dr. Brennan's findings.[12]

Third, Judge Wolfe did not improperly rely on Dr. Reitz's opinion as a reason to reject Dr. Hynd's opinion. Dr. Reitz noted that Ms. Bauder's rheumatoid treatments had resulted in "some improvement." *Id.* at p. 212. The administrative law judge relied in part on this opinion to discount Dr. Hynd's letter dated just two weeks earlier. *Id.* at p. 22. However, the judge also relied on:

- a lack of x-rays at the hearing showing "bad" degeneration, as had been indicated by Dr. Hynd; and

- Ms. Bauder's work as a home health care provider during the time of the alleged disability.

*Id.* Thus, Judge Wolfe had provided legitimate reasons to reject Dr. Hynd's opinions.[13]

Fourth, Judge Wolfe properly considered various factors in the assessment of Dr. Hynd's opinion. For example, the judge relied on evidentiary inconsistencies, reports of

---

[12]  In summarizing the medical evidence, the judge simply "contrast[ed]" the findings by Doctors Brennan and Hynd. Rec. at p. 18.

[13]  *See Zachary v. Barnhart*, 94 Fed. Appx. 817, 818 (10th Cir. Apr. 14, 2004) (unpublished op.) (stating that the administrative law judge had properly relied on a lack of objective findings to reject a treating physician's opinion); *Lopez v. Barnhart*, 183 Fed. Appx. 825, 829 (10th Cir. June 13, 2006) (unpublished op.) (stating that the administrative law judge had properly relied on the plaintiff's engagement in "fairly significant work" during the period of the alleged disability as a basis to reject a treating physician's opinion).

work during the period of alleged disability, and another physician's comments about improvement. Rec. at p. 22.

Fifth, no error existed through a failure to recontact Dr. Hynd for clarification of his opinion. Rather than question the sufficiency of the opinion, Judge Wolfe concluded that he could make a decision on the existing information. *See id.*; *see also supra* p. 9.

### D. Conclusion

The administrative law judge did not err in his evaluation of the opinion of Dr. Rathgeber or Dr. Hynd.

## IV. THE RFC DETERMINATION WAS SUPPORTED BY SUBSTANTIAL EVIDENCE

In assessing the RFC, Judge Wolfe stated:

> I find that Ms. Bauder has the [RFC] to lift and/or carry 25 pounds frequently and 50 pounds occasionally; sit about 6 hours in an 8-hour day, with normal breaks; and stand and/or walk about 6 hours in an 8-hour workday, with normal walks; occasionally climb, balance, stoop, kneel, crouch, and crawl; with moderate limitation in the ability to understand and remember detailed instructions; carry out detailed instructions.

Rec. at p. 16. This assessment was supported by substantial evidence.

### A. Physical Limitations

Judge Wolfe opined that Ms. Bauder had retained the RFC to perform "medium" work, with some limitations. *Compare supra* p. 12, *with* 20 C.F.R. §§ 404.1567(c), 416.967(c) ("Medium work involves lifting no more than 50 pounds at a time with frequent

lifting or carrying of objects weighing up to 25 pounds."). Ms. Bauder alleges a lack of substantial evidence to support this finding because the administrative law judge had:

- improperly rejected the opinion of Dr. Hynd and
- acknowledged severe rheumatoid arthritis at step two.

Ms. Bauder is incorrect for two reasons.

First, the administrative law judge did not improperly reject Dr. Hynd's opinion. *See supra* pp. 10-12.

Second, the finding of rheumatoid arthritis would not necessarily prevent an RFC for medium work. *See Scull v. Apfel*, 221 F.3d 1352, 2000 WL 1028250 (10th Cir. July 26, 2000) (unpublished op.).[14] Although the judge acknowledged a diagnosis of rheumatoid arthritis, he found that the functional limitations from the condition would not prevent a range of medium work. Rec. at p. 16. As discussed above, the Court cannot reweigh the evidence. *See supra* p. 2. Instead, the Court must simply determine whether there was substantial evidence for the RFC finding. *See supra* p. 2. And there clearly was.

For example, Dr. Brennan tested Ms. Bauder's range of motion in her back, neck, hips, knees, ankles, shoulders, elbows, wrists, fingers, and spine. *See* Rec. at pp. 145-51. Based on these tests, the doctor remarked that there was:

---

[14]   In *Scull v. Apfel*, the administrative law judge recognized that the claimant had "'probable osteoarthritis'" at step two, but could perform medium work. *See Scull v. Apfel*, 2000 WL 1028250, Westlaw op. at 1. In upholding this determination, the Tenth Circuit Court of Appeals stated that the disability determination had turned on the functional consequences rather than "'[t]he mere diagnosis of arthritis.'" *Id.*

- no evidence of nodularity, intraosseus atrophy, wrist hypertrophy, or atrophy,

- no evidence of crepitance or swelling in the wrist joints,

- normal range of motion,

- no evidence of deformity, crepitance, effusion, edema, clubbing, or cyanosis in the lower extremities,

- normal curvature in the cervical, thoracic, and lumbar spines,

- normal hand skill and fine tactile manipulation of objects,

- adequate finger to thumb opposition, and

- safe and stable ambulation without the use of assistive devices.

*Id.* at pp. 147-51. Based on these observations, a state agency physician opined that Ms. Bauder could perform medium work. *Id.* at p. 176.

Ms. Bauder also testified that from September 2004 to April 2005, she had worked part-time in a job that required dusting, washing dishes, and cleaning floors for up to six hours at a time. *Id.* at pp. 278-80. A vocational expert testified that this job would be classified as "medium" work. *Id.* at p. 304. According to the Plaintiff, she quit that job because of "emotional stress" rather than physical shortcomings. *Id.* at p. 279.

The RFC findings were supported by substantial evidence, consisting of Dr. Brennan's conclusions, the opinion of the state agency physician, and Ms. Bauder's part-time work. Accordingly, the Court should reject the Plaintiff's challenge to the sufficiency of the evidence on the claims involving her physical RFC.

B.    Mental Limitations

Ms. Bauder also challenges the mental RFC assessment based on:

- Judge Wolfe's improper rejection of the opinion of Dr. Rathgeber,

- the mirroring of the assessment by an agency physician, and

- the failure to adopt "moderate" limitations expressed by Dr. Swink.

All of the contentions are invalid.

First, as discussed above, the judge did not err in his assessment of Dr. Rathgeber's opinion. *See supra* pp. 6-9.

Second, Judge Wolfe did not assess the RFC based solely on the opinion by the state agency physician. Instead, the judge also relied on the opinions of Dr. Swink and Dr. Kahoe, both of whom had examined Ms. Bauder. *See* Rec. at pp. 18-20.[15]

Third, the judge did not err in the omission of certain limitations classified by Dr. Swink as "moderate." For this proposition, Ms. Bauder relies on *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007). According to the Plaintiff, the court in *Haga* "concluded that it was reversible error for the [administrative law judge] to omit such [moderate] restrictions from the RFC." Plaintiff's Opening Brief at p. 30. Ms. Bauder's reliance on *Haga* is misplaced.

---

[15]    The Tenth Circuit Court of Appeals has held that an agency physician's check-the-box form, without "thorough written reports or testimony" does not constitute "substantial evidence" "when it stands alone." *Hamlin v. Barnhart*, 365 F.3d 1208, 1223 (10th Cir. 2004) (citing *Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987)); *see supra* p. 7 n.5. But this holding does not prevent an administrative law judge from considering the form along with other evidence. *See Gilbert v. Astrue*, 231 Fed. Appx. 778, 782-83 (10th Cir. Apr. 11, 2007) (unpublished op.) (holding that the administrative did not err in assessment of the RFC by relying on the state agency's forms along with other evidence).

In *Haga*, an examining doctor assessed the plaintiff's mental RFC and concluded that the claimant had suffered from "moderate" limitations. *See Haga v. Astrue*, 482 F.3d at 1207. The administrative law judge's RFC assessment reflected some of the limitations, but not others. *See id.* The Tenth Circuit Court of Appeals held that reversible error existed because the administrative law judge had failed to explain the rejection of some of the limitations. *Id.* at 1208. The court stated: " [T]he [administrative law judge] should have explained why he [had] rejected four of the moderate restrictions on [the physician's] RFC assessment while appearing to adopt the others." *Id.* (citation omitted).

Ms. Bauder has incorrectly relied on *Haga* to question the absence of certain limitations in the RFC findings. *Haga* did not compel inclusion of limitations in the RFC assessment. Instead, the court found error based only on the administrative law judge's failure to explain his evaluation of a physician's opinion. *See supra* p. 16. In contrast, Judge Wolfe adequately explained his reasons for departure from Dr. Swink's assessment. Rec. at pp. 19-20. In these circumstances, *Haga* does not apply.

C.   Conclusion

The RFC determination was adequately supported by substantial evidence.

V.   RECOMMENDATION AND NOTICE OF THE RIGHT TO OBJECT

The Court should affirm the decision of the SSA.

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is April 8, 2008. *See*

W.D. Okla. LCvR 72.1. The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

VI.   STATUS OF THE REFERRAL

The referral is terminated.

Entered this 19th day of March, 2008.

_____
Robert E. Bacharach
United States Magistrate Judge