**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JACQUELINE S. BAUDER, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-07-743-HE |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff Jacqueline S. Bauder instituted this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying her applications for disability insurance benefits and supplemental security income benefits. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Robert E. Bacharach, who recommends that the Commissioner's decision be affirmed.

Ms. Bauder filed a timely objection to the Report and Recommendation reasserting the arguments she made in her Opening Brief [Doc. # 16] and alleging specific errors by the magistrate judge. Plaintiff argues that the administrative law judge (ALJ) failed to apply the appropriate legal standard in evaluating the opinions of the treating physicians and that Judge Bacharach's conclusion that the ALJ did not err was itself an error. Additionally, plaintiff alleges that Judge Bacharach erred in concluding that substantial evidence supported the ALJ's residual functional capacity (RFC) determination.

The magistrate judge did not err in concluding that the ALJ properly addressed the opinions of the treating physicians, Dr. Rathgeber and Dr. Hynd. Plaintiff argues that the

ALJ afforded undue weight to consultative examinations over treating physician opinions. As the magistrate judge notes, however, the ALJ appropriately addressed how Dr. Rathgeber's, Admin. R. at 20-21, and Dr. Hynd's, Admin. R. at 22, opinions were weighed in his decision, as required by *Robinson v. Barnhart*, 366 F.3d 1078 (10th Cir. 2004) (*per curiam*) and *Watkins v. Barnhart*, 350 F.3d 1297 (10th Cir. 2003).  The magistrate judge has considered and appropriately addressed Plaintiff's four objections to the ALJ's treatment of Dr. Rathgeber's opinion, and plaintiff's five objections to the administrative law judge's treatment of Dr. Hynd's opinion in his Report and Recommendation.

The magistrate judge also did not err in concluding that the ALJ's RFC determination was supported by substantial evidence.  Plaintiff challenges both the physical limitations and mental limitations of the ALJ's RFC determination.  Plaintiff argues that the magistrate judge's reliance on *Scull v. Apfel*, No. 99-7106, 2000 WL 1028250 (10th Cir. July 26, 2000) (unpublished op.) negates a finding of substantial evidence regarding physical limitations because in *Scull* no x-rays were used in diagnosis of arthritis and in the present case, Dr. Hynd's July 5, 2005, letter to Dr. Reitz stated that "[x]-rays showed joint space narrowing, erosions, particularly in the right wrist along the ulna, but a number of metatarsal and metacarpal joints on the left hand and both feet are severely involved." Admin. R. at 213. The ALJ did, however, appropriately consider Dr. Hynd's letter and its reference to the x-ray along with all the other evidence and, ultimately, found the letter contrary to the weight of the evidence.  Admin. R. At 22.  Nevertheless, plaintiff argues that the letter indicates a physical limitation of "'severe' rheumatoid arthritis in the left hand and both feet." Pl.'s Obj.

at 12. But this conclusion is negated by Dr. Hynd's own subsequent medical records where he indicates "mild RA," Admin. R. at 205, and "RA – better", Admin. R. at 207. As the magistrate judge's Report and Recommendation indicates, the RFC findings regarding physical limitations are supported by substantial evidence.

Additionally, plaintiff reasserts her arguments that the ALJ's mental RFC assessment was not supported by substantial evidence. Specifically, plaintiff argues that "the ALJ rejected the opinion of the treating psychiatrist because it was contradicted by the opinion of the consultative psychologist," Pl.'s Obj. at 13, and that the administrative law judge's findings are improperly based on the "non-examining agency physician." *Id.* As discussed above, the ALJ did not err in his assessment of the treating physician's opinion. And, as the magistrate judge's Report and Recommendation highlights, the ALJ relied on the opinions of the examining physicians, Dr. Swink and Dr. Kahoe, as well as the opinion of the non-examining physician in making his mental RFC determination. Admin. R. At 18-22. The ALJ's RFC findings regarding mental limitations are also supported by substantial evidence.

Having reviewed the record and given the plaintiff's objections de novo review, and being in agreement with Magistrate Judge Bacharach's analysis, the court adopts his Report and Recommendation [Doc. # 19] and **AFFIRMS** the final decision of the Commissioner.

**IT IS SO ORDERED**.

Dated this 27th day of August, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE